IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GARY LEVESTER FLOWERS,**
        **Plaintiff,**

vs.                                                            Case No. 5:06cv174/RS/MD

**JAMES R. MCDONOUGH,**
        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). The filing fee has been paid, and the complaint has been reviewed pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, dismissal of this cause is recommended.

Plaintiff is currently a federal prisoner incarcerated at the Federal Correctional Complex in Coleman, Florida. At the time he filed his complaint, he was a state prisoner confined at Union Correctional Institution under DC #C-916834. His complaint concerns events occurring while he was incarcerated at Jackson Correctional Institution ("Jackson CI") in Malone, Florida. (Doc. 1). Specifically, plaintiff claims defendants (four corrections officers at Jackson CI) violated his First and Fourteenth Amendment rights in connection with plaintiff reporting food poisoning, receiving two false disciplinary reports (lying to staff and disorderly conduct), and being convicted of those charges without a "findings report." (*Id.*, pp. 7-8). As relief, plaintiff seeks monetary damages and the restoration of gaintime. (*Id.*, p. 8).

**Since plaintiff is a prisoner, this court is required to review the complaint as soon as practicable after docketing, and dismiss the action if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1). Upon review of the complaint, it appears that this case should be dismissed as malicious.**

**On page six of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed above in Questions (A) and (B))[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 1, p. 6). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Flowers v. McDonough*, Case Number 3:05cv795, a habeas corpus case filed in the United States District Court for the Middle District on August 22, 2005 challenging a state court conviction. Plaintiff attached no additional pages. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 8). Plaintiff's signature is dated August 17, 2006. Thus, plaintiff has in effect stated that as of August 17, 2006, he had initiated no other lawsuits in federal court that related to the conditions of his confinement.**

**This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights**

---

[1]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff disclosed that he had filed a case in state court dealing with the same or similar facts/issues. He responded negatively with regard to having initiated any federal cases dealing with the same or similar facts/issues. (Doc. 1, p. 5).

complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least one other civil action in federal court that related to the conditions of his confinement. On April 12, 2006 plaintiff filed in the Gainesville Division of this court a petition for injunctive relief requiring prison officials at Union Correctional Institution to return his legal documents. *See Flowers v. Hicks*, Case Number 1:06cv66.[4] On June 30, 2006, the magistrate judge issued a report and recommendation that the case should be transferred to the Middle District. (*Id.*, doc. 4). The report and recommendation was adopted, and the case transferred, on October 24, 2006. (*Id.*, doc. 5). Plaintiff did not disclose this case in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as

---

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[4] This case may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections' DC number, C-916834, the same inmate number plaintiff had when he initiated the instant case as a state prisoner.

detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.[5]  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915A(b)(1) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of March, 2007.

/s/ *Miles Davis*
     MILES DAVIS
     UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[5]The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE <u>ALL</u> PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 5) (emphasis in original).

*Case No: 5:06cv174/RS/MD*